HERRÁN LAW FIRM
PAUL HERRÁN     8207
1050 Queen Street, Suite 100
Honolulu, HI 96814
Telephone: (808) 383-8829
Facsimile: (808) 356-0410
Email: ph@HerrranLawFirm.com
Attorney for Plaintiffs

**Electronically Filed
FIRST CIRCUIT
1CCV-21-0000084
24-JAN-2021
05:20 PM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MARCO POLO MARCELLO; LARA TAINA GA SILVA,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION; STARBUCKS COFFEE COMPANY; STARBUCKS COFFEE HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. _____<br>(Other Civil Action)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW, Plaintiffs MARCO POLO MARCELLO and LARA TAINA GA SILVA (collectively, "Plaintiffs" or individually "Plaintiff Marcello" and/or "Plaintiff Silva," as the case may be), by and through the undersigned attorney(s), and in Complaint against Defendants named herein, alleges and avers as follows:

### PARTIES

1. Plaintiffs, husband and wife, were residents of the County of Honolulu, State of

Exhibit 1

Hawai`i, and more particularly on the north shore of the island of O`ahu, at all relevant times herein.

2. Defendant STARBUCKS CORPORATION ("Defendant Starbucks Corp"), a foreign profit corporation with its principal mailing address as 2401 Utah Avenue S, Suite 800 MS-SLA1, Seattle, WA 98134, upon information and belief, was doing business in the City and County of Honolulu, the north Shore of the island of O`ahu, and/or elsewhere within the State of Hawai`i, at all relevant times herein.

3. Defendants STARBUCKS COFFEE COMPANY and STARBUCKS COFFEE HAWAII (collectively, along with Starbucks Corp., "Defendants Starbucks") are listed on the Hawai`i Department of Commerce and Consumer Affairs as Trade Names, but are included and named herein in order to avoid any attempts by Defendants Starbucks to escape liability, given that Defendants Starbucks in every shape, form, and manner, were doing business in the City and County of Honolulu, the north Shore of the island of O`ahu, and/or elsewhere within the State of Hawai`i, at all relevant times herein.

4. Unidentified Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10, DOE PARTNERSHIPS 1-10, and DOE ENTITIES 1-10, are individuals, corporations, partnerships, associations, trusts, trustees, governmental agencies and/or other entities who may be liable in some manner for the conduct alleged herein and for the injuries/damages suffered by Plaintiffs alleged herein and whose true names, identities and capacities are presently unknown to Plaintiffs and counsel, although Plaintiffs have made a reasonable effort to ascertain the identities and/or capacities by numerous written requests to the appropriate entities and/or by reviewing the records and files in this case, as well as any public records. Such Defendants are incorporated herein, pursuant to

Rule 17(d) of the Hawai`i Rules of Civil Procedure, in order to permit Plaintiffs the opportunity to proceed against those unidentified Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, including jurisdiction under Hawai`i Revised Statutes (HRS) §§ 603-21.5, 603-21.9, and personal jurisdiction over the above-named Defendants.

6. All of the acts and occurrences alleged herein took place within City and County of Honolulu, State of Hawai`i, the north Shore of the island of O`ahu, and/or elsewhere within the State of Hawai`i, at all relevant times herein. As such, venue in this action is proper, as claims arose in this Circuit.

## FACTS COMMON TO ALL COUNTS

7. On or around January 29, 2019, Plaintiff Marcello was a guest of Defendants' store or coffee shop in Haleiva, on the north shore of the island of O'ahu around 7:45 a.m. during a weekday.

8. While Plaintiff Marcello was seated having coffee and was starting to work remotely, a man approached Plaintiff Marcello while he was seated at a table in the coffee shop. The man started to demand that Plaintiff Marcello leave the table. The mand didn't give Plaintiff Marcello a reason for demanding that Plaintiff Marcello leave the table. The entire coffee shop was empty at that time other than Plaintiff Marcello, the man, several Starbucks employees and maybe around 2 other customers.

9. Plaintiff Marcello could not understand why this man was demanding that Plaintiff Marcello leave the table. Plaintiff Marcello told the man that he was welcome to sit at any of the other tables in the Starbucks coffee shop that were available. When the man was very

close to Plaintiff Marcello's table, Plaintiff Marcello told the man that Plaintiff Marcello was going to call the police because Plaintiff Marcello was worried about Plaintiff Marcello's safety, as Plaintiff Marcello was constantly being threatened by the mand.

10. At this point, the man, whom Plaintiff Marcello did not recognize or know, took another step close to Plaintiff Marcello's table and the man pushed the table against Plaintiff Marcello, pinning Plaintiff Marcello to the chair and Plaintiff Marcello was worried that he would be defenseless against the man's threats, so Plaintiff Marcello stood up at that point. As Plaintiff Marcello stood up, the table was accidently pushed away from Plaintiff Marcello and towards the man.

11. Immediately, the man lifted his cane and started to beat Plaintiff Marcello on Plaintiff Marcello's head. The man apparently knew who to hurt someone with his cane. The first blow from the man with the cane hit Plaintiff Marcello in the face and broke many bones in, and the nose on, Plaintiff Marcello's face, the entire left side of Plaintiff Marcello's face. Plaintiff Marcello started bleeding profusely from the blow from the metal cane that the man was using to hurt Plaintiff Marcello.

12. The man continued to hit Plaintiff Marcello with the metal cane on Plaintiff Marcello's head, causing Plaintiff Marcello additional severe injuries. At this time, the man started to scream throughout the coffee shop as he was hitting plaintiff Marcello. The man was yelling violently that he was "mentally ill" and was "under medication."

13. Plaintiff Marcello couldn't see anything due to the hard hits from the man that resulted in Plaintiff Marcello being blinded and starting to faint. The man kept on hitting Plaintiff Marcello even when other customers in Starbucks starting yelling at the man to stop hitting Plaintiff Marcello. As a result of the continued blows from the man with the metal cane,

Plaintiff Marcello began to lose his balance and Plaintiff Marcello fell against the shelves in the store, knocking all the merchandise down from the shelves.

14. Plaintiff Marcello looked at the ground at that point and saw a lot of blood around the area including the floor. As Plaintiff Marcello best recalls, because Plaintiff Marcello couldn't see and was almost knocked unconscious, other people in the Starbucks coffee shop tried to get close to the man in order to try to stop the man and avoid further severe injuries to Plaintiff Marcello from the man with the metal cane.

15. At that point, Plaintiff Marcello went to the Starbucks restroom to get toiled paper to stop the bleeding and when Plaintiff Marcello returned, Plaintiff Marcello sat down at another table. Plaintiff Marcello was being helped by another of Starbucks' customers. Plaintiff Marcello then fainted entirely and was passed out for approximately several minutes. When Plaintiff Marcello came to, Plaintiff Marcello looked up from the table where Plaintiff Marcello was being held up by other Starbucks customers and Plaintiff Marcello saw the police officers and the paramedics in the Starbucks coffee shop.

16. The police asked Plaintiff Marcello to identify the man with the metal cane. Plaintiff Marcello was able to identify the man, who was still inside the Starbucks coffee shop, restrained by several police officers. The paramedics started to run tests to see if Plaintiff Marcello was ok. They asked Plaintiff Marcello if he wanted to go to the hospital and Plaintiff Marcello said yes because he was badly injured.

16. The first responders took Plaintiff Marcello to Wahiawa general hospital. The conducted a CT scan on Plaintiff Marcello and they confirmed that Plaintiff Marcello had suffered severe injuries that required face reconstructive surgery. The man with the metal cane

was apparently taken to the same hospital as Plaintiff Marcello and appeared heavily sedated because the man had been fighting with the police officers.

17. Plaintiff Marcello did undergo face reconstructive surgery. The doctor who performed the surgery noted that Plaintiff Marcello's case or surgery was one of the most challenging and difficult surgeries to perform. To this day, Plaintiff Marcello's entire left side of his body is numb.

18. To date, Plaintiff Marcello suffers severe psychological trauma as a result of the incident at Starbucks and the injuries Plaintiff Marcello suffered.

19. Plaintiff Marcello had to inform his customers/clients because Plaintiff Marcello was unable to go without notice of his severe, face-altering injuries. At that point, Plaintiff Marcello's face-altering injuries were obvious and impossible to miss.

20. Plaintiff Marcello lost many customers, who went elsewhere due to Plaintiff Marcello's severe and face-altering injuries. Plaintiff Marcello's business has never fully recovered due to the severe and face-altering injuries Plaintiff Marcello suffered while in Defendants store from the man with the metal cane.

21. Due to the extensive physical, mental, emotional and other damages that Plaintiff Marcello has suffered and will continue to suffer for the rest of his life, Plaintiff Marcello expects full and appropriate compensation for damages including his injuries, pain and suffering, emotional/psychological trauma, humiliation and embarrassment, disfigurement, negative social impact, and disruption to his life, past, current and future medical expenses, economic loss and other damages, resulting from the assault from the man with the metal cane while Plaintiff Marcello was a guest/customer at Defendants coffee shop store.

## COUNT I
(Negligence)

22. Plaintiffs repeats and re-alleges herein all of the allegations contained in the preceding paragraphs.

23. Defendants Starbucks' wanton, reckless, and egregious actions, as identified herein, Defendants Starbucks showed great negligence by allowing and/or not preventing the treatment and assault of Plaintiff Marcello and/or handling of the matter while Plaintiff Marcello was a guest or patron at Defendants Starbucks, while on Defendants Starbucks' property.

24. As a direct and proximate result of Defendants Starbucks' negligent conduct, and other negligent acts and omissions, Plaintiff Marcello suffered physical injuries, pain and suffering, emotional/psychological trauma, humiliation and embarrassment, disfigurement, negative social impact, mental anguish and disruption to his life, past, current and future medical expenses, economic loss and other consequential damages, resulting from the assault and other outrageous behavior/reckless conduct by Defendants Starbucks and its employees/staff and/or others associated with Defendants Starbucks, for which Plaintiff Marcello is entitled to recover general and special damages from Defendants Starbucks as a result of Plaintiff Marcello's losses in such amount as shall be proven at trial.

## COUNT II
(Emotional Distress)

25. Plaintiffs repeats and re-alleges herein all of the allegations contained in the preceding paragraphs.

26. Defendants Starbucks' wanton, reckless, and egregious actions, as identified herein, Defendants Starbucks showed great negligence with their treatment and assault of Plaintiff Marcello and/or handling of the matter, while Plaintiff Marcello was a guest or patron at

Defendants Starbucks and while on Defendants Starbucks' property. Defendants Starbucks' actions or lack thereof were negligent.

27. As a direct and proximate result of Defendants Starbucks' negligent conduct, and other negligent acts and omissions, Plaintiff Marcello suffered physical injuries, pain and suffering, emotional/psychological trauma, humiliation and embarrassment, disfigurement, negative social impact, mental anguish and disruption to his life, past, current and future medical expenses, economic loss and other consequential damages, resulting from the assault and other outrageous behavior/reckless conduct by Defendants Starbucks and its employees/staff and/or others associated with Defendants Starbucks, for which Plaintiff

Marcello is entitled to recover general and special damages from Defendants Starbucks as a result of Plaintiff Marcello's losses in such amount as shall be proven at trial.

## COUNT III
(Loss of Consortium)

28. Plaintiffs repeat and re-allege herein all of the allegations contained in the preceding paragraphs.

29. Prior to the incident in Defendants Starbucks' store in which Plaintiff Marcello suffered severe and face-altering injuries as a result of Defendants Starbucks' negligence, Plaintiffs were in good health and fully capable of performing and actually did perform all of the usual duties of a wife and husband, and were pleasing and loving spouses to each other, Plaintiffs received much comfort and happiness in their society and companionship.

30. As a direct and proximate result of Defendants Starbucks' negligent conduct, and other negligent acts and omissions, Plaintiffs have suffered an injury to their conjugal relation by way of loss of each other's support, services, love, companionship, affection, society, sexual

relations, solace, and commitment to the needs of each spouse, such that their comfort and happiness in their society and companionship have been greatly impaired.

31. Plaintiffs are entitled to recover damages from Defendants Starbucks as a result of their losses in such amount as shall be proved at trial.

## COUNT IV
(Punitive Damages)

32. Plaintiffs repeats and re-alleges herein all of the allegations contained in the preceding paragraphs.

33. Defendants Starbucks, as identified herein, acted wantonly or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations to Plaintiffs.

34. Defendants Starbucks' negligent conduct, and other negligent acts and omissions constitute an entire want of care that rises to a level of conscious indifference to the consequences which are complained of herein.

35. As a direct and proximate result of Defendants Starbucks' negligent conduct, and other negligent acts and omissions, Plaintiff Marcello suffered physical injuries, pain and suffering, emotional/psychological trauma, humiliation and embarrassment, disfigurement, negative social impact, mental anguish and disruption to his life, past, current and future medical expenses, economic loss and other consequential damages, resulting from the assault and other outrageous behavior/reckless conduct by Defendants Starbucks and its employees/staff and/or others associated with Defendants Starbucks, for which Plaintiffs are entitled to recover general and special damages from Defendants Starbucks as a result of Plaintiffs' losses in such amount as shall be proven at trial.

WHEREFORE, Plaintiffs pray for judgment on all counts against Defendants Starbucks, individually and jointly as the case may be, for past, present, and future special and general, as well as punitive, damages in an amount to be proven at trial, for costs of suit incurred herein, for reasonable attorneys' fees, for prejudgment interest, and for such other relief as this Court may deem just and proper under the circumstances. Plaintiffs contend that the amount of their damages alleged herein, falls within the jurisdictional requirements of this Court.

DATED: Honolulu, Hawai`i, January 22, 2021.

/s/ Paul Herrán<br>
PAUL HERRÁN<br>
Attorney for Plaintiffs

HERRÁN LAW FIRM
PAUL HERRÁN   8207
1050 Queen Street, Suite 100
Honolulu, HI 96814
Telephone: (808) 383-8829
Facsimile: (808) 356-0410
Email: ph@HerrranLawFirm.com
Attorney for Plaintiffs

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0000084**
**25-JAN-2021**
**06:41 AM**
**Dkt. 9 SUMM**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MARCO POLO MARCELLO; LARA TAINA GA SILVA,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION; STARBUCKS COFFEE COMPANY; STARBUCKS COFFEE HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. _____<br>(Other Civil Action)<br><br>SUMMONS |

**SUMMONS**

STATE OF HAWAI'I

To the above-named Defendants:

You are hereby summoned and required to file with the Court and serve upon Herrán Law Firm, Plaintiffs' attorney(s), whose address is noted above, an answer to Plaintiffs' Complaint, which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in this Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai`i; 1/25/2021

/S/ P. NAKAMOTO

Clerk of the above-entitled Court