IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARCO POLO MARCELLO; LARA TAINA GA SILVA,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>STARBUCKS CORPORATION; STARBUCKS COFFEE COMPANY; STARBUCKS COFFEE HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | CIV. NO. 21-00153 HG-KJM |

**ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**

On January 21, 2021, Plaintiffs Marco Polo Marcello and Lara Taina Ga Silva, represented by Attorney Paul Herran, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (Complaint, attached to the Notice of Removal, ECF No. 1-3).

On March 22, 2021, Defendants Starbucks Corporation, Starbucks Coffee Company, and Starbucks Coffee Hawaii (hereinafter "Defendants") removed the Complaint to the United States District Court for the District of Hawaii.  (ECF No. 1).

On March 29, 2021, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  (ECF No. 6).

On March 31, 2021, the Court issued a briefing schedule for

1

Defendants' Motion.  (ECF No. 7).

Plaintiffs were ordered to file the Opposition on or before April 16, 2021.  (Id.)  The hearing on Defendants' Motion was scheduled for May 12, 2021.  (Id.)

Plaintiffs did not file their Opposition to Defendants' Motion by April 16, 2021.  On April 19, 2021, the Court attempted to contact Plaintiffs' Attorney Paul Herran at the phone number and e-mail address listed on the Docket.  Both the telephone number and the e-mail address were out of service.  Attorney Herran did not update his contact information as required by District of Hawaii Local Rule 83.1(e).

On April 21, 2021, the Court contacted the Hawaii State Bar Association to determine if it had received updated contact information for Attorney Herran.  The Hawaii State Bar Association informed the Court that it had the same contact information for Attorney Herran as the Court had on the Docket, which was no longer valid.

On April 26, 2021, Attorney Herran appeared before Magistrate Judge Mansfield at the Rule 16 Scheduling Conference on behalf of Plaintiffs.  (ECF No. 12).  At the hearing, Magistrate Judge Mansfield informed Attorney Herran that his contact information was out of date and instructed him to update it.  Also at the hearing, the Parties informed Magistrate Judge Mansfield that the Parties were engaged in settlement discussions.  The Parties were ordered to update Magistrate Judge

Mansfield on the status of their settlement by Friday, April 30, 2021.  (Id.)

Following the hearing, Defendants' Attorney Randall Whattoff contacted the Courtroom Manager seeking a continuance of the hearing on their Motion to Dismiss currently set for May 12, 2021.

In response, the Court issued a Minute Order following receipt of Attorney Whattoff's e-mail on April 26, 2021.  The Court's Minute Order stated as follows:

> In light of the on-going settlement discussions, the hearing on Defendants' Motion to Dismiss (ECF No. 6) is **CONTINUED** from May 12, 2021 to Wednesday, May 26, 2021, at 10:00 a.m., before the Honorable Helen Gillmor.
>
> Plaintiffs' attorney shall immediately comply with District of Hawaii Local Rule 83.1(e).
>
> Plaintiffs have until Tuesday, May 4, 2021 to file their Opposition to Defendants' Motion (ECF No. 6).
>
> Failure to comply with Rule 83.1(e) and file their Opposition to Defendants' Motion (ECF No. 6) by Tuesday, May 4, 2021, will result in automatic dismissal of Plaintiffs' case for failure to prosecute.

(ECF No. 13).

On April 30, 2021, Attorney Whattoff e-mailed Magistrate Judge Mansfield's Chambers stating that he had sent a settlement proposal to Plaintiffs' counsel but that he had received no response from Attorney Herran.

As of May 10, 2021, Attorney Herran has failed to update the Court with his current contact information in violation of the Court's April 26, 2021 Minute Order (ECF No. 13) and District of

Hawaii Local Rule 83.1(e).

Plaintiffs had until May 4, 2021 to file their Opposition to Defendants' Motion.  As of May 10, 2021, Plaintiffs have not filed their Opposition to Defendants' Motion to Dismiss in violation of the Court's March 31, 2021 Minute Order (ECF No. 13).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).

It is well settled, however, that the District Court has the "inherent power" to dismiss an action pursuant to Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

## ANALYSIS

District Courts have wide discretion in determining whether to dismiss a case or claims pursuant to Fed. R. Civ. P. 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b), the District Court considers five factors:

(1) the public's interest in expeditious resolution of litigation;

 (2) the court's need to manage its docket;

 (3) the risk of prejudice to the defendant;

 (4) the public policy favoring disposition of cases on their merits; and,

 (5) the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

The public's interest in expeditious resolution favors dismissal of this case pursuant to Fed. R. Civ. P. 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). District courts have inherent power to control their dockets. In the exercise of that power, the trial courts may impose sanctions, including dismissal for failure to comply with court orders or failure to timely prosecute claims. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). It is "incumbent" upon courts to manage their dockets without being subject to routine noncompliance of litigants. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Plaintiffs have twice failed to file an Opposition to Defendants' Motion to Dismiss (ECF No. 6) despite being given a continuance sua sponte. Plaintiffs ignored the Court's April 26, 2021 Minute Order that warned Plaintiffs that failure to either file an Opposition or update the Court with counsel's current contact information would result in dismissal for failure to prosecute.

The Court has attempted to contact Attorney Herran numerous times, but both his phone number and his e-mail are out of

5

service.

Dismissal of Plaintiffs' Complaint (ECF No. 1-3) pursuant to Fed. R. Civ. P. 41(b) is necessary in order to manage the Court's Docket. Hunter v. Sandoval, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).

Sanctions lesser than dismissal would be ineffective in this case. Plaintiffs have failed to comply with Court Orders and Court issued briefing schedules. The Court finds that dismissal without prejudice, rather than with prejudice, is the least drastic sanction available. Arellano v. T-Mobile USA, Inc., 2012 WL 3877668, at *2 (N.D. Cal. Sept. 6, 2012).

## CONCLUSION

Plaintiffs' Complaint (ECF No. 1-3) is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: May 10, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Marco Polo Marcello; Lara Taina Ga Silva v. Starbucks Corporation; Starbucks Coffee Company; Starbucks Coffee Hawaii; John Does 1-10; Jane Does 1-10; Doe Corporations 1-10; Doe Governmental Agencies 1-10; Doe Partnerships 1-10; Doe Entities 1-10, Civ. No. 21-00153 HG-KJM; **ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**    6